# IN THE COURT OF APPEALS OF IOWA

No. 16-1064
Filed September 14, 2016

**IN THE INTEREST OF C.D., C.D.,
AND A.F.,
Minor children,**

**D.F., Mother,**
     Appellant.

_____

     Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

     The mother appeals from the juvenile court's adjudication of her children as children in need of assistance, removal, and disposition. **AFFIRMED.**

     Natalie Hope Cronk of Cronk & Waterman, P.L.C., Iowa City, for appellant mother.

     Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

     Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad litem for minor children.

     Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals from the juvenile court's adjudication and dispositional order involving her three minor children.[1] All three children were adjudicated as children in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (6)(n) (2015). The mother maintains there is not clear and convincing evidence to support the adjudication of the children under either of the subsections. Additionally, she challenges the continued removal of the children from her care, and she maintains she was denied effective assistance by counsel during the proceedings.

**I. Standard of Review.**

We review CINA proceedings de novo. *See In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We examine both the facts and law, and we adjudicate anew those issues properly preserved and presented. *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). CINA determinations must be based upon clear and convincing evidence. Iowa Code § 232.96(2).

**II. Discussion.**

**A. Adjudication.**

The mother maintains there is not clear and convincing evidence to support the juvenile court's adjudication of the children as in need of assistance.

A child is a CINA pursuant to section 232.2(6)(c)(2) if they have suffered or are imminently likely to suffer "harmful effects" as a result of the failure of the parent to exercise a reasonable degree of care in supervising the child. The

---

[1] The children have been placed in the care of their respective fathers under the protective supervision of the Iowa Department of Human Services (DHS); the fathers do not appeal.

mother admitted to using methamphetamine and marijuana within a few months of DHS's involvement with the family, and she has provided a drug test that was positive for each substance. Although the mother denied using while caring for the children, the older two children—ages sixteen and fourteen at the time of removal—told providers that their mother used drugs in the basement of the family home while they were there. Both children stated their mother frequently smoked marijuana and both believed their mother was using methamphetamine based on the report of a friend who saw her with a white substance. Additionally, the hair stat test of the youngest child—approximately two-and-a-half-years old at the time of removal—was positive for marijuana.[2] "We have no difficulty concluding . . . that a parent's methamphetamine addiction[3] by itself can result in 'harmful effects' to the child, thereby justifying state intervention to protect the child." *In re J.S.*, 846 N.W.2d 36, 37 (Iowa 2014) (citing Iowa Code § 232.2(6)(c)(2)).

A child is a CINA pursuant to Iowa Code section 232.2(6)(n) if their parent's mental capacity or condition, imprisonment, or drug or alcohol abuse results in the child not receiving adequate care. Both the sixteen-year-old and fourteen-year-old reported that the fourteen-year-old was the primary caregiver for the youngest child. Additionally, the older children reported the mother would often be up for forty-eight hours and then spend rest of the week feeling unwell or sleeping. The children had to "force" the mother to go buy groceries and other

---

[2] The sixteen-year-old's test was also positive, but he admitted that he smokes marijuana.

[3] While the mother has only provided one positive test for methamphetamine since DHS became involved with the family in early March 2016, she testified she had used methamphetamine once in October 2015, twice in November, and once in December.

necessities. While the mother had not yet received an official diagnosis regarding possible issues with mental health, the caseworker described the mother as erratic and overwhelmed by her emotions. The mother agreed to obtain mental-health and substance-abuse evaluations as part of the CINA proceedings. Additionally, the caseworker testified that both of the older children as well as the mother's mother and brother had expressed concern regarding the mother's mental well-being. Specifically, the older children reported the mother seemed to see things that were not there and had acted impulsively. Clear and convincing evidence supports the juvenile court's adjudication of the children pursuant to section 232.2(6)(n).

### B. Removal.

The mother challenges whether there was substantial evidence to continue the removal of the children from her care.[4] Although the mother had recently provided a few "clean" drug tests, the mother did not begin substance-abuse treatment until after the CINA adjudication. She continued to act erratically, contacting several government agencies claiming the State had illegally stolen her children. She testified she believed DHS was engaged in a conspiracy with the youngest child's father so the father could have custody. Additionally, the mother tried to take the youngest child from daycare, and the local police had to intervene in the situation. Although she admitted at the disposition hearing that she had used methamphetamine several times in late

---

[4] The mother challenges the continued removal following both the adjudication hearing and the disposition hearing. However, at the time of the disposition hearing, the mother's attorney stated she did not object to the State's recommendation that the children remain in the placement of their fathers. As a result, we consider only the continued removal of the children following the adjudication hearing on May 9, 2016.

2015 and marijuana until February 2016, on appeal, the mother continues to claim that DHS should not have accepted the results of the positive drug test because it was diluted and below the accepted standard. She continues to question the department's lack of physical evidence about her drug use— ignoring her own admissions and the statements of her teenage children. Additionally, although the mother had taken steps to obtain one, she had not yet had a mental-health evaluation.

Substantial evidence supports the continued removal of the children from the mother's care.

### C. Ineffective Assistance.

The mother maintains she received ineffective assistance from counsel during the proceedings. The test for ineffective assistance of counsel in CINA cases is generally the same as in criminal proceedings. *See In re A.M.H.*, 516 N.W.2d 867, 870 (Iowa 1994) (stating a parent has due process rights, including the appointment of counsel, relating to a CINA proceeding); *see also In re J.P.B.*, 419 N.W.2d 387, 390 (Iowa 1988) (applying the same standard from criminal appeals). The mother has the burden to establish counsel's performance was deficient and she suffered prejudice as a result. *J.P.B.*, 419 N.W.2d at 390.

Here, the mother makes a laundry list of claimed failures by her counsel, but she does not establish how counsel's actions would have changed the result of the proceeding. For example, she maintains counsel failed to challenge the admission of hearsay regarding the older children's statements about her drug use and parenting. But "[h]earsay statements are permitted in adjudicatory hearings in a CINA case." *A.M.H.*, 516 N.W.2d at 873. Additionally, she claims

counsel was ineffective for failing to challenge the admission of the results of the diluted drug test, but she ignores her own admissions at the disposition hearing regarding her past drug use. Our scrutiny of CINA counsel's performance is "highly deferential" and we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *J.P.B.*, 419 N.W.2d at 390. The mother has not established that she received ineffective assistance.

## IV. Conclusion.

Because clear and convincing evidence supports the juvenile court's adjudication of the children as in need of assistance, substantial evidence supports the continued removal of the children from the mother's care, and the mother has not met her burden to establish that she received ineffective assistance, we affirm the adjudication and dispositional orders of the juvenile court.

**AFFIRMED.**